PER CURIAM.
We have for review a final money judgment for $17,368.43 entered against Fiesta Motel, Inc., in favor of an insurance agency, Fisher-Brown, Inc. Because the record does not support the amount of the judgment, we reverse.
Effective July 1, 1990, Fiesta cancelled an insurance policy written by Fisher-Brown for the period March 1, 1990 through March 1, 1991. While the policy was still in force, Fisher-Brown billed for a quarterly premium payment, in the amount of $9,238.00, payable on June 1, 1990. Fiesta did not make that payment, although by then it had paid premiums (or been credited with refunds) totalling substantially in excess of a quarter of the annual premium originally contemplated.
We find no fault with the use of a “short rate” in accordance with schedules on file with the Florida Department of Insurance, instead of a strict pro rata approach.[1] It appears from the record, however, that the final judgment was based on a statement of account[2] which also included the quarterly installment billing covering June, July, and *50 August. No premium was earned or owed for July or August. The premium earned for June and the short rate adjustment were taken into account in the audit[3] that eventuated in Plaintiffs Exhibit No. 6, which reflected additional premiums owing of $3,819.
REVERSED and REMANDED.
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.

. The cancellation provision in the policy states:
If this policy is cancelled we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro-rata. If the first Named Insured cancels, the refund may be less than pro-rata. The cancellation will be effective even if we have not made or offered a refund.
Fisher-Brown’s witnesses testified that Fiesta owed the “short rate” because the policy was cancelled in mid-term, instead of a premium calculated on a pro rata basis.

. The statement of account attached to Fisher-Brown’s complaint indicates that Fiesta paid $820.99, which may or may not have been taken into consideration in the audit performed in December of 1990.

. Mr. Nichols testified, "What Fisher-Brown is asking for was the difference between what was paid by Fiesta Motel and the audit that is here.” T. 32.